Memorandum: We reject the contention of plaintiff that Supreme Court erred in granting that part of defendants' motion to vacate a default judgment. Inasmuch as defendants had previously appeared in this action, they were entitled to receive notice of plaintiff's motion for a default judgment (*see* CPLR 3215 [g] [1]; *Nowak v Oklahoma League for Blind*, 289 AD2d 995 [2001]). Plaintiff failed to provide defendants with such notice, and thus her motion for a default judgment was defective. We have reviewed plaintiff's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Smith, Lindley, Sconiers and Gorski, JJ.

■ PATRICIA J. CURTO, Appellant, v MARK DIEHL et al., Respondents. (Appeal No. 2.) [929 NYS2d 901]—

It is hereby ordered that said appeal is unanimously dismissed without costs (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]). Present—Scudder, P.J., Smith, Lindley, Sconiers and Gorski, JJ.

■ PATRICIA J. CURTO, Appellant, v MARK DIEHL et al., Respondents. (Appeal No. 3.) [929 NYS2d 900]—

It is hereby ordered that said appeal is unanimously dismissed without costs (*see Matter of Eric D.* [appeal No. 1], 162 AD2d 1051 [1990]). Present—Scudder, P.J., Smith, Lindley, Sconiers and Gorski, JJ.

■ JOHN TENCZA, Respondent, v ST. ELIZABETH MEDICAL CENTER, Appellant. [930 NYS2d 520]—

Memorandum: Defendant appeals from an order in this medical malpractice action that, inter alia, denied its motion seeking to vacate a judgment entered in plaintiff's favor pursuant to